UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL PERKINS,

                              Plaintiff

-vs-

D.F. NAPOLI, et al.,

                              Defendants

DECISION AND ORDER

08-CV-6248 CJS

_____

## INTRODUCTION

Plaintiff, a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), is suing pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Now before the Court is Plaintiff's motion for default judgment (Docket Nos. [#24][#27]). The application is denied.

## BACKGROUND

The nature of Plaintiff's claims was described in a prior Decision and Order [#19] and needs not be repeated here. It is sufficient to note that on June 6, 2008, Plaintiff commenced this action and applied for leave to proceed *in forma pauperis*. Plaintiff subsequently filed various motions to amend and/or supplement the Complaint. On February 27, 2009, the Court granted Plaintiff leave to file a second amended complaint, and directed the Clerk of the Court to provide Plaintiff with the necessary forms. On April 8, 2009, Plaintiff filed a Second Amended Complaint [#17]. On May 19, 2009, the Court directed the Clerk of the Court to cause the U.S. Marshal to serve the summons and complaint on Defendants. On June 19, 2009, the Clerk of the Court sent the completed summonses to the U.S. Marshal for service. On June 24, 2009, Plaintiff filed a request for

1

Clerk's Entry of Default [#20]. The Clerk of the Court denied the request, since there was no proof that defendants had been served.

On August 4, 2009, Plaintiff filed a motion for default judgment [#24], based on his belief that all defendants had been served with a summons and complaint on July 1, 2009, and that defendants had not answered the complaint within twenty days. On August 5, 2009, several defendants filed answers. On August 19, 2009, Plaintiff filed a second motion for default judgment [#27], which was apparently intended to amend the earlier motion. In that regard, the second motion stated that the only defendants who were in default were Marc D. McGrain ("McGrain") and Scott G. Comfort ("Comfort"). Plaintiff stated his belief that McGrain and Comfort had been served, based on the fact that other defendants had answered the complaint. On October 14, 2009, McGrain and Comfort filed answers. On October 19, 2009, Plaintiff filed a declaration [#33] in further support of his application for default judgment against McGrain, reiterating his belief that McGrain was served on July 1, 2009, and that McGrain had not answered the complaint.

ANALYSIS

Plaintiff has applied for default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. Entry of default judgment under Rule 55 is a two-step process:

> First, entry of a party's default pursuant to Fed.R.Civ.P. 55(a) is a mandatory prerequisite for entry of a default judgment pursuant to Fed.R.Civ.P. 55(b). *See Dow Chem. Pacific Ltd. v. Rascator Maritime, S.A.*, 782 F.2d 329, 335 (2d Cir.1986); *see also Gasser v. Infanti Int'l, Inc.*, 03 CV 6413(ILG), 2008 U.S. Dist. LEXIS 56686, at *18, 2008 WL 2876531 (E.D.N.Y. July 23, 2008) ("The entry of default is a two-step process. The moving party must first seek an entry of default by the Clerk of Court under Rule 55(a), and thereafter move for default judgment pursuant to Rule 55(b)(1) or (2).") (citation omitted).

*Brown v. Marshall*, No. 08-CV-12F, 2009 WL 1064189, 1 (W.D.N.Y. Apr. 20, 2009).

Here, at the outset, the Court finds, based on the facts set forth above, that Plaintiff has withdrawn his application for default judgment against all defendants except McGrain and Comfort. Additionally, Plaintiff has not obtained Clerk's Entry of Default against any defendant, therefore he cannot obtain default judgment. Nor has Plaintiff provided any proof that McGrain and Comfort actually defaulted in answering the complaint. In that regard, apart from Plaintiff's speculation, the record contains no information concerning the date that McGrain and Comfort were served.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for default judgment [#24][#27] is denied.

So Ordered.

Dated: Rochester, New York
January 31, 2010

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge