UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL PERKINS,
                              Plaintiff

-vs-

DAVID F. NAPOLI, et al.,

                              Defendants

DECISION AND ORDER

08-CV-6248 CJS

_____

Plaintiff, a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), is suing pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Now before the Court is an application by Plaintiff for injunctive relief. The application is denied.

BACKGROUND

Plaintiff claims, as part of this action, that on July 5, 2008, he was assaulted at Southport Correctional Facility ("Southport"), in C Block, Cell C-1-17. On January 13, 2010, the Court received the attached letter from Plaintiff, which the Court construes as a request for injunctive relief. Plaintiff, who is presently confined at Upstate Correctional Facility ("Upstate"), indicates that as part of the discovery process in this action, he is requesting permission to inspect and photograph Southport's C Block. Discovery in this action is being overseen by the Honorable Jonathan W. Feldman, United States Magistrate Judge. As for his request for injunctive relief, Plaintiff states:

> Plaintiff now write[s] to ask that the Court provide the Plaintiff with several Federal United States Marshals to escort the Plaintiff onto; into the Southport Correctional Facility to conduct the inspection and photographing as requested within the Plaintiff's discovery requests, and then out of Southport

1

Correctional Facility as soon as the inspection and photographings [sic] are complete; so as the Plaintiff is not assaulted again by the Southport Correctional Facility Security Staff. The Plaintiff also requests that each named Defendant of both pending civil litigations (08-CV-6248 and 09-CV-6302) be made to stay 500 feet away from the Plaintiff at all times.

DISCUSSION

The standard to be applied when considering an application for preliminary injunctive relief is well settled:

> A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor. When the movant seeks a 'mandatory' injunction-that is, as in this case, an injunction that will alter rather than maintain the status quo- [he] must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits.

*Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008) (citations omitted). Violation of a constitutional right is considered "irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir.1996) ("The district court . . . properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also*, *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered irreparable injuries.") (citation and internal quotation marks omitted). Moreover, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted); *accord, Taylor v. Rowland*, No. 3:02CV229(DJS)(TPS), 2004 WL

231453 at *2-3 (D.Conn. Feb. 2, 2004).

In this case, Plaintiff has not shown that he is entitled to injunctive relief. Plaintiff, a prison inmate confined at Upstate, has not shown that he will be allowed to personally visit and photograph locations within Southport. Accordingly, the application is premature. Additionally, Plaintiff has not shown that he would be in imminent danger of harm at Southport.

## CONCLUSION

For the reasons discussed above, Plaintiff's application for injunctive relief is denied.

So Ordered.

Dated: Rochester, New York
January 31, 2010

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge