# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

MICHAEL PERKINS,

              Plaintiff(s),

        v.

D.F. NAPOLI, J. COLVIN, M. McGRAIN,
SHOPE, D. FORREST, R. DILDINE,
J. MILLER, S. COMFORT, D. ALLEN and
C. MILLER,

              Defendant(s).

DECISION AND ORDER
08-CV-6248

## Preliminary Statement

Currently pending before the Court are plaintiff's motions for appointment of counsel. (Dockets ## 26, 43). In his Amended Complaint, plaintiff alleges, *inter alia*, that while he was confined at the Southport Correctional Facility, the defendants lost or stole several books that were his personal property, filed "bogus" misbehavior reports against him and repeatedly assaulted him. (Docket # 18). Plaintiff brings his claims under 42 U.S.C. § 1983, for violations of his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. (Docket # 18).

## Discussion

With the instant motions to appoint counsel, plaintiff claims that the appointment of counsel is necessary because, *inter alia*, his "imprisonment will greatly limit his ability to litigate," the issues in this case are "complex," he has "no personal access to the law library," "has limited knowledge of the law," and the defendants have "hampered" his ability to conduct discovery. See

Dockets ## 26, 43.  For the reasons that follow, plaintiff's

motions for appointment of counsel (Dockets ## 26, 43) are **denied**

**without prejudice to renew**.

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to

assist indigent litigants.  <u>Sears, Roebuck & Co. v. Charles W.</u>

<u>Sears Real Estate, Inc.</u>, 865 F.2d 22, 23 (2d Cir. 1988).  An

assignment of counsel is a matter within the judge's discretion.

<u>In re</u> <u>Martin-Trigona</u>, 737 F.2d 1254, 1260 (2d Cir. 1984).  "There

is no requirement that an indigent litigant be appointed <u>pro</u> <u>bono</u>

counsel in civil matters, unlike most criminal cases."  <u>Burgos v.</u>

<u>Hopkins</u>, 14 F.3d 787, 789 (2d Cir. 1994).  The factors to be

considered in deciding whether or not to assign counsel were set

forth by the Second Circuit in <u>Hodge v. Police Officers</u>, 802 F.2d

58, 61-62 (2d Cir. 1986):

> [T]he district judge should first determine
> whether the indigent's position seems
> likely to be of substance.  If the claim
> meets this threshold requirement, the court
> should then consider the indigent's ability
> to investigate the crucial facts, whether
> conflicting evidence implicating the need
> for cross-examination will be the major
> proof presented to the fact finder, the
> indigent's ability to present the case, the
> complexity of the legal issues and any
> special reason in that case why appointment
> of counsel would be more likely to lead to
> a just determination.

Applying the factors set forth in <u>Hodge</u>, I find that

plaintiff's allegations satisfy the initial threshold showing of

merit.  See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004)(court found plaintiff's Eighth Amendment claim satisfied the threshold showing of merit); Allen v. Sakellardis, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sep. 29, 2003)(finding that plaintiff's allegations that corrections officers assaulted him while he was restrained might have merit).  However, having reviewed the amended complaint and considered the nature of the factual and legal issues involved, as well as the plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Plaintiff's amended complaint is detailed in nature and adequately describes the events that led to his alleged injuries.  The details contained in the amended complaint suggest that investigating the claims made in the instant action will not be a complicated exercise for plaintiff.  The factual circumstances surrounding plaintiff's claims do not appear to be unusually complicated and, at least at this point in time, plaintiff has shown that he is capable of prosecuting his case. Plaintiff has drafted legible, organized, cogent and appropriate pleadings, discovery demands and motions. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel after noting that "there is no indication

3

that [plaintiff] lacks the ability to present his case"). Plaintiff has utilized the discovery process and has drafted and served demands for production of documents (Docket # 35) and interrogatories (Docket # 34). Moreover, although plaintiff claims that he has no access to the law library, inmates in administrative segregation have access to legal materials and documents. <u>See</u> N.Y. Comp. Codes R. & Regs. tit. 7, § 304.7.

Given the limited resources available with respect to <u>pro</u> <u>bono</u> counsel, I find no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination. <u>See</u> <u>Boomer v. Deperio</u>, No. 03-CV-6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005)(court denied motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of the law); <u>Harris v. McGinnis</u>, No. 02 Civ. 6481 (LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Plaintiff may consult with the Western District <u>pro</u> <u>se</u> office attorneys for questions on process and procedure.

## Conclusion

Plaintiff's motions to appoint counsel (Dockets ## 26, 43) are

**denied without prejudice to renew.**

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:     March 19, 2010
           Rochester, New York