UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL PERKINS,
                        Plaintiff

-vs-

D.F. NAPOLI, et al.,
                        Defendants

DECISION AND ORDER

08-CV-6248 CJS

_____

## INTRODUCTION

Plaintiff, a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), is suing pursuant to 42 U.S.C. § 1983. Now before the Court is Plaintiff's motion (Docket No. [#53]) seeking relief from a prior Decision and Order, pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b). The application is denied.

## BACKGROUND

Plaintiff's claims were described in a prior Decision and Order [#19] and need not be repeated here. It is sufficient to note that Plaintiff, who was previously housed at Southport Correctional Facility ("Southport"), is suing a number of Southport staff members for alleged constitutional violations. On April 8, 2009, Plaintiff filed a Second Amended Complaint [#17][#18] ("the Complaint"). Among other things, the Complaint alleged that in April 2008, Corrections Officer McGrain ("McGrain") stole or misplaced nine books belonging to Plaintiff. The Complaint also contended that in July 2008, more books were "stolen and/or damaged" by Southport staff. The Complaint further stated that in July 2008, Correction Officer S. Comfort ("Comfort") stole Plaintiff's sneakers.

The Court reviewed the Complaint, pursuant to 28 U.S.C. § § 1915(e)(2)(B) and

1

1915(A)[1], and on May 19, 2009, issued a Decision and Order [#19] which, *inter alia*, dismissed the claims concerning the books and the sneakers. In that regard, the Court ruled that Plaintiff's claims for conversion of property did not rise to the level of a constitutional violation, pursuant to *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) and *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983), since New York State law provided Plaintiff with an adequate post-deprivation remedy.

Almost one year later, Plaintiff filed the subject motion, pursuant to FRCP 60(b), asking the Court to reconsider its ruling. In support of the application, Plaintiff indicates that he has newly-discovered evidence. Additionally, he maintains that the Court's prior decision was affected by fraud perpetrated by Defendants. In that regard, Plaintiff states that in October 2009, he was transferred from Southport to Upstate Correctional Facility ("Upstate"). He contends that a number of his books, which were in storage at Southport, were never sent to Upstate. The missing books had representative titles such as "The Giant Book of Erotica," "Penthouse Letters," "Penthouse Uncensored," "Chinese Astrology," and "How to Solve Sudoku." Plaintiff further alleges that on October 21, 2009, at Upstate, Corrections Officer P. Jayne ("Jayne") took the following books from him: "The Book of Writing to Win; Criminal Law Handbook; Represent Yourself in Court; and Legal Research." ("Inmate Claim Form," [#53] at p. 80). Plaintiff filed various grievances and complaints about the missing books. In response, officials at Southport indicated that all of Plaintiff's property had been transferred to Upstate. Plaintiff contends that officials are Southport are lying. Additionally, he contends that someone at Southport forged paperwork, making it appear

---

[1]Plaintiff is proceeding *in forma pauperis*.

that some of his books were sent to his uncle.

Plaintiff contends that in February 2010, he commenced an action in the New York Court of Claims, seeking compensation for the lost property. In connection with that claim, he states that he mailed a "Notice of Intention to File Claim" to the Office of the New York State Attorney General, and also mailed a complaint to the Court of Claims. However, he contends that, while he was attempting to mail those documents, officials at Upstate refused to advance him free postage for legal mail, because his inmate account contained too much money. Apparently, Plaintiff paid for the postage himself. He also maintains that he has not received back return receipts from the Attorney General's Office or the Court of Claims, indicating that they received his mailings.

On these facts, Plaintiff alleges that individuals at Southport and Upstate stole or destroyed his books, and are now engaged in a cover up. Further, he alleges that officials at Upstate are attempting to prevent him from pursuing an action in the Court of Claims, by taking his "legal books," by refusing to provide him with free postage, and by tampering with his outgoing mail. (*See*, [#53] at 8) ("Plaintiff is being denied access to the Court and the Right to Petition for redress of grievances.")

DISCUSSION

Plaintiff moves for reconsideration pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b), which provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,

3

released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FRCP 60(b). Specifically, Plaintiff bases his motion on newly-discovered evidence and fraud.

Plaintiff has not demonstrated any basis for the Court to reconsider its prior ruling. Plaintiff's claims concerning his lost books and sneakers are not actionable under Section 1983, because he has an adequate state-court remedy, which he is pursuing in the Court of Claims. Such claims would not be actionable under Section 1983 even if the defendants are lying, as he maintains. Plaintiff has not demonstrated any basis for the Court to reconsider its Decision and Order [#19].

Plaintiff's suggestion that he is being denied access to the Courts does not entitle him to the relief he seeks. Although the vast majority of the books that were allegedly stolen were sexually oriented, Plaintiff contends that he is being denied access to the Courts, because a few of the books related to legal topics. However, Plaintiff has not alleged any facts to suggest that the loss of his legal books resulted in a denial of access to the Courts. Nor has he plausibly suggested that officials at Upstate tampered with his legal mail. In any event, such allegations do not entitle Plaintiff to relief under FRCP 60(b).

CONCLUSION

Plaintiff's application [#53] is denied.

Dated: Rochester, New York
October 5 , 2010

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

4