**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
───────────────────────────────

MICHAEL PERKINS,

        Plaintiff(s),
    v.                                              **DECISION AND ORDER**
                                                 08-CV-6248
D.F. NAPOLI, J. COLVIN, M. McGRAIN,
SHOPE, D. FORREST, R. DILDINE,
J. MILLER, S. COMFORT, D. ALLEN and
C. MILLER,

        Defendant(s).
───────────────────────────────

**Preliminary Statement**

In his Amended Complaint, plaintiff alleges, *inter alia*, that while he was confined at the Southport Correctional Facility, the defendants lost or stole several books that were his personal property, filed "bogus" misbehavior reports against him and repeatedly assaulted him. (Docket # 18). Plaintiff brings his claims under 42 U.S.C. § 1983, for violations of his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. (Docket # 18). Currently pending before the Court are plaintiff's motions pursuant to Rule 60 (Docket # 74), to compel (Dockets ## 86, 88), for sanctions (Dockets ## 76, 89) and to appoint counsel (Docket # 92).

**Discussion**

**I.  Plaintiff's Motions to Compel**: Plaintiff filed his first motion to compel on March 3, 2011, therein seeking to compel further responses to document demands. (Docket # 86). Plaintiff filed his second motion to compel on March 14, 2011, requesting, *inter alia*,

that his second motion to compel "supercede all prior motions for production of documents and motions to compel." (Docket # 88). Accordingly, the Court hereby Orders that plaintiff's first motion to compel (Docket # 86) is deemed **withdrawn.**

In his second motion to compel, plaintiff seeks further responses to his Second Request for Production of Documents (Docket # 41). (Docket # 88). In a prior motion to compel filed on January 4, 2010 (Docket # 39), plaintiff asked the Court to compel the defendants to produce the documents requested in his Second Request for Production of Documents (Docket # 41), which he filed simultaneously with his motion. By Decision and Order dated September 29, 2010, the Court granted in part and denied in part plaintiff's motion to compel, and Ordered defendants to provide certain further responses to plaintiff's discovery demands. See Decision and Order dated September 29, 2010 (Docket # 66). On October 13, 2010, defendants timely filed further responses to plaintiff's discovery demands, as required by the Court in its September 29th Order. See Dockets ## 70, 71. The Court has reviewed the defendants' supplemental responses (Dockets ## 70, 71) and finds them to be sufficient. Accordingly, the Court hereby Orders that plaintiff's motion to compel (Docket # 88) is **denied.**

**II. Plaintiff's Motions for Sanctions**: A court, pursuant to its inherent powers, has the discretion to sanction conduct that it considers to be an abuse of the judicial process. See Chambers v.

2

NASCO, Inc., 501 U.S. 32, 42-44 (1991); see also Murphy v. Bd. of Educ. of Rochester City Sch. Dist., 196 F.R.D. 220, 224 (W.D.N.Y. 2000). To impose sanctions, the court must find that the offending conduct "was 'without a colorable basis' and undertaken in bad faith, i.e. 'motivated by improper purposes such as harassment or delay.'" Murphy, 196 F.R.D. at 225 (quoting Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 326 (2d Cir. 1999)).

Plaintiff filed his first motion for sanctions on December 17, 2010, seeking sanctions against defendants pursuant to Rule 37 of the Federal Rules of Civil Procedure ("FRCP") for, *inter alia*, their repeated failure to produce responses to plaintiff's discovery demands, for providing inadequate responses to his discovery demands, and for defendants Comfort and Miller's misrepresentations in their responses to plaintiff's Interrogatories. (Docket # 76). In response to the instant motion, defendants assert that they have fully and sufficiently responded to all of plaintiff's discovery demands, and maintain that Carmen and Miller's responses to plaintiff's Interrogatories were "adequate, substantially justified and/or harmless." See Declaration of J. Richard Benitez, Esq. (hereinafter "Benitez Decl.") (Docket # 79).

With its September 29, 2010 Decision and Order, the Court acknowledged defense counsel's "lack of attention to deadlines" and "failure to keep track of deadlines" with respect to responding to plaintiff's discovery demands and motions. See Decision and Order

dated September 29, 2010 (Docket # 66) at pp. 4-5. The Court Ordered defense counsel to submit the defendants' outstanding discovery within fourteen days of the Court's Order and warned that failure to comply would result in defendants being fined $500.00. <u>Id.</u> at p. 5. Defendants timely complied with the Court's Order and filed their outstanding discovery responses on October 13, 2010, which, as mentioned above (<u>see</u> p. 2. *supra*), the Court finds to be sufficient. <u>See</u> Dockets ## 70, 71. Accordingly, the Court declines to impose sanctions on defendants for failing to provide timely, adequate discovery responses, as I find that defendants complied with the Court's September 29th Order.

With respect to defendants Comfort and Miller, however, the Court finds that these defendants did in fact provide incomplete information in their Interrogatory responses. When asked whether defendant Scott Comfort had ever had a formal complaint brought against him for assault and/or abuse of authority, Comfort responded, "no." Similarly, when asked how many times complaints have been filed against defendant Carmen Miller for failing to perform her job functions, Miller responded, "none." A simple search inquiry on the Court's CM/ECF website discloses several prior complaints and lawsuits (both open and closed) previously filed in the Western District of New York against both defendants Comfort and Miller. Consequently, the Court does not find defendants Comfort and Miller's responses to plaintiff's Interrogatories regarding

prior complaints "adequate, substantially justified and/or harmless," as defense counsel suggests. See Benitez Decl. at ¶ 3. Accordingly, the Court hereby Orders that defense counsel must (1) speak to defendants Comfort and Miller to ascertain whether they have any personal recollection of a prior complaint or lawsuit that may be responsive, (2) review Comfort and Miller's personnel files to determine whether any information contained therein is responsive, and (3) conduct a CM/ECF search to determine whether either or both defendants have been defendants in any similar complaints.  The Court directs that defense counsel file an affidavit with the Court confirming that a good faith investigation has been conducted into relevant prior complaints and disclosing the results of that investigation.  If relevant documents are discovered but being withheld from disclosure, counsel shall submit such documents to the Court for *in camera* review. **Defendants shall produce the documents set forth in this Order within thirty (30) days from entry of this Order**. Assuming timely compliance with this Order, no further sanctions will be ordered at this juncture.

Plaintiff filed his second motion for sanctions on March 14, 2011, therein seeking sanctions against defendants for allegedly producing duplicative and irrelevant discovery documents. (Docket # 89).  In his motion papers, plaintiff acknowledges that defendants produced nearly 600 documents as part of their initial disclosures, but argues, *inter alia*, that several of the documents were untimely

submitted, repetitive and frivolous. <u>Id.</u> In response to plaintiff's motion, defendants assert that "in good faith" they "provided to him over 500 pages of documents relating to his claim and potential claims." <u>See</u> Declaration of J. Richard Benitez, Esq. (Docket # 99) at ¶ 17. The Court, having reviewed the papers in support of (Dockets ## 89, 101) and in opposition to (Docket # 99) plaintiff's second motion for sanctions (Docket # 89), does not find that defendants produced over 500 pages of initial disclosures in bad faith or with an improper purpose. Accordingly, plaintiff's motion for sanctions (Docket # 89) is **denied**.

**III. Plaintiff's Motion Pursuant to Rule 60:** In this motion, plaintiff seeks relief from a judgment or order pursuant to FRCP Rule 60. (Docket # 74). Specifically, plaintiff requests that the Court amend its Scheduling Order and extend the time to complete discovery. Plaintiff asserts that defendants have failed to sufficiently respond to his discovery requests, which has prompted plaintiff to file several motions to compel which are currently pending before the Court. <u>Id.</u> Plaintiff argues that in light of defendants' actions, he has good cause to request that the discovery deadline be extended. <u>Id.</u> Plaintiff seeks a twelve month extension, which would extend the discovery deadline to March 31, 2012. <u>Id.</u>

Pursuant to the Court's October 14, 2009 Scheduling Order, the deadline to complete discovery expired on March 31, 2010. (Docket

6

# 32).  By Decision and Order dated September 29, 2010, the Court addressed the parties' remaining discovery issues, therein Ordering defendants to produce further responses to certain discovery demands within fourteen days of entry of the Order.  See Decision and Order dated September 29, 2010 (Docket # 66).  On October 13, 2010, the defendants timely and sufficiently complied with the Court's Order.  See Dockets ## 70, 71.

Under FRCP Rule 6(b)(1), the court may extend time for good cause with or without a motion.  Fed. R. Civ. P. 6 (b)(1)(A).  Here, the discovery deadlines have long expired and dispositive motions have been filed (see Dockets ## 95, 97) and are currently pending before Judge Siragusa.[1]  The Court does not find that plaintiff has demonstrated "good cause" to extend the discovery deadline.  Accordingly, the Court hereby Orders that plaintiff's motion to further extend discovery pursuant to Rule 60 (Docket # 74) is **denied.  However, defendants must nevertheless timely comply with the discovery obligations set forth in this Decision and Order.**

**IV. Plaintiff's Motion to Appoint Counsel**:    With the instant motion to appoint counsel (Docket # 92), plaintiff claims that the appointment of counsel is necessary because, *inter alia*, "imprisonment is greatly limiting his ability to litigate,"

---

[1] The Court points out that plaintiff himself filed a motion for summary judgment (Docket # 95).  Ordinarily, this would indicate to the Court that plaintiff deems discovery completed.

defendants have been "hampering" his ability "to conduct a proper investigation and discovery" and he "is being denied legal materials such as writing paper." Plaintiff's application is **denied without prejudice to renew** for the same reasons discussed in the Court's prior Decision and Order (Docket # 52). Plaintiff is an experienced *pro se* litigator who has shown he is perfectly capable of prosecuting his federal cases. Should Judge Siragusa determine that the appointment of counsel would provide substantial assistance in the development of plaintiff's arguments, or otherwise serve the interests of justice in deciding the pending dispositive motions, he may, of course, revisit the appointment of counsel issue.

## Conclusion

Plaintiff's motion pursuant to Rule 60 (Docket # 74) is **denied.** Plaintiff's motions for sanctions (Dockets ## 76, 89) are **denied except for the further disclosures as to defendants Comfort and Miller ordered herein.** Plaintiff's motion to compel (Docket # 86) is deemed **withdrawn.** Plaintiff's motion to compel (Docket # 88) is **denied.** Plaintiff's motion to appoint counsel (Docket # 92) is **denied without prejudice to renew**.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:  September 28, 2011
Rochester, New York