UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL PERKINS,

                              Plaintiff

                                                      DECISION AND ORDER

-vs-
                                                      08-CV-6248 CJS

D.F. NAPOLI, et al.,

                              Defendants

_____

## INTRODUCTION

Plaintiff, a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), is suing pursuant to 42 U.S.C. § 1983.  On April 11, 2012, Plaintiff filed an application for injunctive relief. (Docket No. [#124]).  The application is denied.

## BACKGROUND

In this action, Plaintiff is complaining about a number of incidents that allegedly occurred at Southport Correctional Facility ("Southport") in 2008. *See*, Amended Complaint [#17][#18].  On June 6, 2008, Plaintiff commenced this action.  Since then, Plaintiff has made several requests for injunctive relief, which the Court has denied. *See*, Decisions and Orders [#47], [#69] (Decision [#69] denied multiple requests for injunctive relief) and [#84].  In those decisions, the Court explained the standards for obtaining injunctive relief.

On April 11, 2012, Plaintiff filed his most recent application for injunctive relief. Plaintiff is now housed at Upstate Correctional Facility ("Upstate").  Plaintiff seeks an

1

order, enjoining the "security staff" at Upstate from "physically abusing" him and destroying his legal materials.  Plaintiff maintains that on March 25, 2012, he was on a hunger strike, when corrections officers escorted him to the prison infirmary, where he was "beaten" by six corrections officers. *See*, Motion [#124] at p. 3.  Plaintiff alleges that as a result of the beating he now has carpal tunnel syndrome and a bump on his knee. *Id.*  Plaintiff further alleges that when he was returned to his cell, he discovered that Corrections Officer Sally Markal had search his cell, disturbed his legal papers, and confiscated and disposed of photographs that are evidence in this action. Plaintiff indicates that he had previously obtained the photographs through a Freedom of Information Act request.

## DISCUSSION

The standard to be applied when considering an application for a preliminary injunction is well settled:

> A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor.  When the movant seeks a 'mandatory' injunction-that is, as in this case, an injunction that will alter rather than maintain the status quo-she must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits.

*Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008) (citations omitted).  Violation of a constitutional right is considered "irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir.1996) ("The district court . . .  properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also*, *Charette v. Town of Oyster*

2

*Bay*, 159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered irreparable injuries.") (citation and internal quotation marks omitted).

Moreover, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted); *accord, Taylor v. Rowland*, No. 3:02CV229(DJS)(TPS), 2004 WL 231453 at *2-3 (D.Conn. Feb. 2, 2004).

Plaintiff has not alleged facts which would entitle him to injunctive relief. Regarding the alleged assault, Plaintiff has not shown any connection between it and this action. The alleged assault was by non-defendants, at a different facility, years after the events at issue in this case. The photographs that were allegedly seized by Markal do pertain to this action. However, that fact alone, in the Court's view, does not establish a sufficient connection to warrant the extraordinary remedy of preliminary injunctive relief in this action.

CONCLUSION

Plaintiff's motion for injunctive relief [#83] is denied.

Dated:     Rochester, New York
           May 15, 2012
                              ENTER:


                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge

3