UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL PERKINS, 95A0851,
                      Plaintiff

-vs-                                                    DECISION AND ORDER

D.F. NAPOLI, et al.,                               08-CV-6248 CJS (JWF)
                      Defendants
_____

INTRODUCTION

Plaintiff, a prisoner in the custody of the New York State Department of Corrections and Community Services ("DOCCS"), is suing pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Now before the Court is Plaintiff's motion for summary judgment (Docket No. [#95]). The application is denied.

BACKGROUND

On June 6, 2008, Plaintiff commenced this action. Plaintiff subsequently filed various motions to amend and/or supplement the Complaint. On April 8, 2009, Plaintiff filed a proposed Second Amended Complaint [#17]. On May 19, 2009, the Court issued an Order [#19] clarifying which of Plaintiff's claims could go forward. Those claims are described below.

On July 5, 2008, Corrections Officer McGrain ("McGrain") and Corrections Officer Forrest ("Forrest") wrote false and retaliatory misbehavior reports against Plaintiff. That same day, while Plaintiff was being moved to another cell in full restraints, he was assaulted by Corrections Sergeant J. Shope ("Shope"), Corrections

1

Officer R. Dildine ("Dildine"), Corrections Officer J. Miller ("Miller") and Corrections Officer S. Comfort ("Comfort"). After the alleged assault, nurses Debra Allen, R.N. ("Allen") and Carmen Miller, R.N. ("Miller") failed to provide Plaintiff with medical treatment. On July 7, 2008, Plaintiff complained about the alleged assault to Superintendent David Napoli ("Napoli"), Deputy Superintendent John Colvin ("Colvin") and Corrections Sergeant J.D. Caporiccio ("Caporiccio"), but they took no remedial action.[1]

On April 21, 2011, Plaintiff filed the subject motion [#95] for summary judgment. Plaintiff maintains that he is entitled to such relief as a sanction against Defendants, for their "continued failure to comply with court ordered timeliness [sic]; violations of FRCP, which appears as if the named Defendants and their defense counsel have abandoned the defense of [this action]." Pl. Affirmation [#95] at p. 1. In support of the application, Plaintiff contends that Defendants' attorney "has a habit of refusing to comply with court ordered timeliness and, to produce to *pro se* litigants' documents requested." [sic] *Id*. at p. 2. More specifically, Plaintiff states that the Honorable Jonathan W. Feldman, United States Magistrate Judge, issued an Order [#87] directing Defendants to respond to Plaintiff's Motion to Compel [#86] by April 14, 2011, and Defendants failed to do so. To summarize, then, Plaintiff maintains that he is entitled to summary judgment because Defendants' counsel missed certain

---

[1] Plaintiff also attempted to assert claims that his property was stolen, and that he was assaulted on August 20, 2008 and March 9, 2009. However, the Court indicated that those claims could not proceed as pleaded. *See*, Order [#19].

2

discovery-related deadlines.

ANALYSIS

Plaintiff contends that he is entitled to judgment pursuant to FRCP 56. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.).

The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).

Moreover, because Plaintiff is proceeding *pro se*, the Court must construe his papers liberally to raise the strongest arguments that they suggest. *See, e.g., Jackson v. DeMarco*, No. 10–CV–5477(JS)(AKT), 2011 WL 1099487 at *1 (E.D.N.Y. Mar. 21, 2011) ("It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro*

*se* Complaint liberally and interpret it raising the strongest arguments it suggests.").

Here, even assuming *arguendo* that it would be appropriate to grant summary judgment under Rule 56 based on Defendants' failure to comply with a motion scheduling order, which the Court does not find, Plaintiff has not shown that Defendants failed to comply with the Court's order. In that regard, it is true that after Plaintiff filed his motion to compel [#86], Magistrate Judge Feldman initially issued a Motion Scheduling Order [#87] directing that Defendants file any response by April 14, 2011. However, Magistrate Judge Feldman later issued a Motion Scheduling Order [#94] that extended Defendants' time to respond to that motion [#86] until May 16, 2011. On May 13, 2011, Defendants filed their response [#99]. On September 28, 2011, Magistrate Judge Feldman denied the motion to compel [#86] as being superseded and withdrawn by one of Plaintiff's later motions to compel [#88]. *See*, Decision and Order [#108] at pp. 1-2. Accordingly, Plaintiff's motion for summary judgment [#95] must be denied because it is based on an incorrect factual premise.

CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment [#95] is denied.

So Ordered.

Dated:   Rochester, New York
         November 6, 2012

                                    ENTER:

                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge