UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL PERKINS, 95A0851,
                           Plaintiff

-vs-                                          DECISION AND ORDER
                                                          08-CV-6248 CJS(JWF)
D.F. NAPOLI, et al.,
                           Defendants
_____

INTRODUCTION

Plaintiff, a prisoner in the custody of the New York State Department of Corrections and Community Services ("DOCCS"), is suing pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Now before the Court is Defendants' motion to revoke Plaintiff's *in forma pauperis status* and dismiss this action. (Docket No. [#97]). The application to dismiss is denied, but Plaintiff's *in forma pauperis* status is revoked and he must pay the filing fee within thirty days or this action will be dismissed.

BACKGROUND

On June 6, 2008, Plaintiff submitted to the Court a Complaint and an application to proceed *in forma pauperis* ("IFP"). The Complaint [#1] alleged that at Southport Correctional Facility ("Southport"), Corrections Officer McGrain stole or destroyed nine books belonging to Plaintiff. The Complaint further alleged that Deputy Superintendent Marilyn Bridge and Superintendent David F. Napoli failed to remedy the situation.

1

The form complaint that Plaintiff used required him to list any other lawsuits that he had filed pertaining to his imprisonment. Plaintiff responded by listing a single action, which had been filed in the U.S. District Court for the Northern District of New York. Specifically, Plaintiff indicated that lawsuit was against the Deputy Superintendent of Security at Clinton Correctional Facility, whose name he claimed not to remember, Corrections Officer O'Connor, and a civilian hearing officer whose name he claimed not to remember. Plaintiff indicated that the action had been assigned to the Honorable Lawrence E. Kahn, United States District Judge for the Northern District of New York, who had "dismissed" the action and entered judgment for the defendants. As will be discussed further below, Plaintiff's representation that this was his only prior lawsuit arising from his imprisonment was indisputably incorrect.

On July 30, 2008, Plaintiff asked to amend his complaint to add claims that corrections officers at Southport had assaulted him on July 5, 2008. Plaintiff indicated that he believed that the assault was in retaliation for him filing this action. Plaintiff further asked for injunctive relief, transferring him out of Southport "before he is assaulted again."

On August 11, 2008, Plaintiff filed a request [#6] for permission to withdraw this action without prejudice. In that regard, Plaintiff stated that he had previously filed two separate actions concerning events at Southport, and that he wanted to combine them into one action, to avoid having to pay a separate filing fee for each action. On August 27, 2008, Plaintiff filed another request [#7] to withdraw this

2

action, for the same reason. In both applications [#6][#7], Plaintiff indicated that Southport staff were interfering with his ability to file another action, but he did not allege that he was in imminent danger.

On September 15, 2008, the Court issued an Order [#8] granting Plaintiff permission to proceed *in forma pauperis*. The Court further indicated that rather than allowing the action to be withdrawn, it would grant Plaintiff until October 20, 2008, to file a new complaint. In that regard, the Court specifically indicated that it would review the new proposed complaint pursuant to 28 U.S.C. § § 1915 and 1915A.

On October 10, 2008, Plaintiff filed a proposed Amended Complaint [#10], again using the form complaint supplied by the Court. When asked to list any prior lawsuits that he had filed pertaining to his imprisonment (not involving the actions involved in this lawsuit), he again listed only the one aforementioned action in the Northern District, which had been assigned to Judge Kahn. This time, however, Plaintiff indicated that the defendants' names in that lawsuit were "Tedford, O'Connor and Drown." When asked when that action was filed and terminated, Plaintiff wrote, "Don't remember," although he indicated that judgment was entered for the defendants. The pleading did not allege that Plaintiff was in imminent danger.

Before the Court could issue an order regarding the proposed pleading pursuant to 28 U.S.C. § § 1915 and 1915A, Plaintiff filed two additional requests [#14][#15] to amend the complaint. On February 27, 2009, the Court issued a Decision and Order [#16], indicating that Plaintiff could have another opportunity to

3

submit a proposed amended pleading, and that such pleading would be reviewed pursuant to 28 U.S.C. § § 1915 and 1915A.

On April 8, 2009, Plaintiff filed the proposed amended pleading. Once again, when asked to list his prior lawsuits, Plaintiff listed only the one case that had been assigned to Judge Kahn. This action then proceeded through pretrial discovery.

On May 12, 2011, Defendants filed the subject motion to dismiss [#97]. Specifically, Defendants indicate that the Court should revoke Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), and dismiss the action, because prior to the date that Plaintiff commenced this action, he had at least three other actions dismissed as being frivolous, malicious, or failing to state a claim. In that regard, the relevant section states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915(g) (West 2012). Alternatively, Defendants ask the Court to dismiss the action "as a sanction for [Plaintiff] omitting material litigation history in the Complaint."

In support of the application to dismiss, Defendants contend that Plaintiff had at least three dismissals prior to this action that count as strikes. Defendants cite an order dated August 18, 2010, by Judge Kahn in the case *Perkins v. Rock, et al.*,

4

9:10-CV-0375 (LEK/RFT), which is attached to Defendants' motion. In that case, Judge Kahn found that the "three strikes" provision in § 1915(g) barred Plaintiff from proceeding *in forma pauperis*. In doing so, Judge Kahn relied upon a decision of the Honorable Glenn Suddaby, United States District Judge for the Northern District, which indicated that Plaintiff had at least three "strikes" as of September 18, 2008. *See, Perkins v. Rock* decision at p. 4 (*quoting Perkins v. Rock*, 9:10-CV-0414 (GTS/DEP), Docket No. 9, (N.D.N.Y. Jul. 26, 2010). One of the strikes referred to by Judge Suddaby was issued by this Court, in the case of *Perkins v. Doe*, 08-CV-6257 CJS (Fe), in a Decision and Order dated September 8, 2008.[1] Two other strike dismissals issued prior to that decision were *Perkins v. NYC Dept. of Corrections*, 94-CV-1613, Judgment (S.D.N.Y. Mar. 10, 1994) and *Perkins v. Morgenthau*, 94-CV-4553, Judgment (S.D.N.Y. Jun. 21, 1994).

In response to the motion to dismiss, Plaintiff admits that the two above-referenced dismissals from the Southern District of New York are "strikes" within the meaning of 28 U.S.C. § 1915(g). However, he contends that this Court's dismissal in *Perkins v. Doe* cannot count as a strike, since the dismissal occurred after he commenced this action. In that regard, Plaintiff contends that he commenced this action on June 6, 2008, and the Court did not dismiss *Perkins v. Doe* until September 8, 2008. Plaintiff further contends that his failure to list his prior lawsuits in his Complaints in this action was due to an oversight.

---

[1] The Decision and Order was signed on September 8th, not September 18th.

DISCUSSION

Clearly, the Court may revoke a prisoner plaintiff's IFP status if it determines that he is in violation of the three strikes provision, which the Court already set forth above. *See, generally, Harris v. City of New York*, 607 F.3d 18 (2d Cir. 2010); *Collazo v. Pagano*, 656 F.3d 131, 133-134 (2d Cir. 2011).

Plaintiff admits that he had at least two strikes, from the Northern District of New York, before he commenced this action. However, he maintains that this Court's dismissal of *Perkins v. Doe*, 08-CV-6257 CJS (Fe) cannot count as a strike, since it occurred on September 8, 2008, which is after he commenced this action, on June 6, 2008. The Court disagrees. As set forth earlier, this case had an unusual procedural history, owing mainly to the fact that very early on, Plaintiff sought to amend his pleading several times, and then sought to withdraw it in order to save money. As a result, it was not until September 15, 2008, that the Court granted Plaintiff's IFP application. Significantly, that date was after Plaintiff earned his third strike, with the dismissal of *Perkins v. Doe*, on September 8, 2008.

Plaintiff's action was not properly filed until this Court granted his IFP application. *See, Romand v. Zimmerman*, 881 F.Supp. 806, 809 (N.D.N.Y. 1995) ("A complaint is not properly filed until after a decision on whether to proceed *in forma pauperis* has been made."); *Dzaba v. Blyth Eastman Paine Webber*, No. 84 Civ. 3711 (GLG), 1985 WL 199 at *2 (S.D.N.Y. Jan. 17, 1985) ("A complaint tendered IFP cannot technically be 'filed' until either leave to proceed IFP has been granted or the plaintiff has remitted the filing fee."); *Gibbs v. Ryan*, 160 F.3d 160,

6

162 (3rd Cir. 1998) ("[Plaintiff's] complaint was filed, and his action was 'brought' when his motion to proceed in forma pauperis was granted."). The Court therefore finds that Plaintiff had three strikes before this action was brought. In any event, it is clear that Plaintiff had three strikes before the Court granted his IFP application, which in the Court's view required the denial of application under 28 U.S.C. § 1915(g). The Court further finds that the "imminent danger" exception does not apply.

Alternatively, the Court finds that revocation of Plaintiff's IFP status is warranted, as a sanction which the Court may impose pursuant to its inherent authority over this action, because he repeatedly misrepresented his prior litigation history to the Court, which hampered the Court's ability to evaluate his IFP application. Significantly, on three occasions Plaintiff failed to disclose that he had at least two prior dismissals that count as strikes under 28 U.S.C. § 1915(g).

Plaintiff contends that his failure was due to "the human (harmless) error pursuant to forgetfulness." Pl. Opposition [#103] at p. 1. This explanation is not at all credible. Rather, it appears that Plaintiff has consistently misrepresented his litigation history to this Court and to other courts, in order to evade 28 U.S.C. § 1915(g). See, e.g., Perkins v. Napoli, 09-CV-6302, Decision and Order [#90] at p. 3 ("[T]he Court was unaware that both Plaintiff's original Complaint [#1] and his Amended Complaint [#3] misstated the number of previous prisoner lawsuits that he had filed."). For example, in the action of Perkins v. Quinn, 9:09-CV-0472 (N.D.N.Y.), Plaintiff told the Honorable Thomas J. McAvoy, Senior U.S. District

Judge, that he was not the person who had filed *Perkins v. Doe*, 08-CV-6257 in this Court. *See*, Decision and Order[2] of Judge McAvoy dated April 19, 2011, at p. 2 in *Perkins v. Quinn* ("In support of his motion for reconsideration, plaintiff claimed that (1) he had 'no knowledge or remembrance' of ever filing the actions determined by this Court to constitute 'strikes' for purposes of 28 U.S.C. § 1915(g); (2) 'there was an error in the citation of docket no. 08-CV-6257' [*Perkins v. Doe*] because he did not file that action in the Western District of New York[.]") (emphasis added). As Plaintiff later admitted to Judge McAvoy, that contention was untrue. *See, id*. at p. 5 ("In his motion to vacate . . . plaintiff now concedes that . . . he did file *Perkins v. NYC Dept. of Corrections*, 94-CV-1613; *Perkins v. Morganthau*, 94-CV-4553; and *Perkins v. Doe*, 08-CV-6257[.]") (emphasis added).

Accordingly, revocation of Plaintiff's IFP status is warranted based upon his bad faith misrepresentations to the Court. *See, Harris v. City of New York*, 607 F.3d at 23 ("As an initial matter, we note that Harris's 'Prisoner Complaint' forms misrepresented how many strike suits he had filed prior to bringing the instant action. Harris should not benefit from his own misleading submissions[.]"); *Cameron v. Lambert*, No. 07 Civ. 9258(DC), 2008 WL 4823596 at *4 (S.D.N.Y. Nov. 7, 2008) ("Pursuant to its inherent power, a court may impose sanctions against a party for 'act[ing] in bad faith, vexatiously, wantonly, or for oppressive reasons.' *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citations omitted), and for

---

[2] Judge McAvoy's Decision and Order is filed as "Exhibit A" to Plaintiff's Opposition [#103] in this action.

'misconduct during the course of litigation.' *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 37-38 (2d Cir.1995)."). However, Defendants' request to dismiss the action outright is denied, and the Court will give Plaintiff an opportunity to pay the filing fee.

## CONCLUSION

Defendant's motion to dismiss [#97] is denied. However, Plaintiff's *in forma pauperis status* is revoked. Plaintiff must pay the applicable filing fee of three hundred fifty dollars ($350) within *thirty days* of the filing of this Decision and Order, *and his failure to pay such fee will result in a dismissal of this case without further order of the Court*.

In the event that this action is dismissed for Plaintiff's failure to pay the filing fee, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated: Rochester, New York
November 8, 2012

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge